# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIDGET L. STEIGERWALT** | : | CIVIL ACTION |
| **In her Own Right and as Administratrix** | : | |
| **of the Estate of Dean D. Steigerwalt** | : | |
| | : | |
| **v.** | : | NO.   17-2241 |
| | : | |
| **URSULA POHL** | : | |

## MEMORANDUM

**SCHMEHL, J.   /s/ JLS**                                                October 2, 2017

Plaintiff brought this diversity action in her own right and as administratrix of the estate of her husband for injuries suffered when the motorcycle on which she was a passenger and which her husband was operating was involved in a collision with a minivan driven by the defendant. Presently before the Court is the defendant's motion to dismiss plaintiffs' allegations of recklessness and claims for punitive damages. For the reasons that follow, the motion is denied.

The relevant allegations are as follows:

> 4. On September 11, 2016, at approximately 2:30 P.M., Mrs. Pohl was operating a 2008 Toyota Sienna minivan (hereinafter "the minivan") in a southbound lane of travel of Pennsylvania Route 61 (hereinafter "Route 61") in the vicinity of Interstate 78 (hereinafter "I-78") in Tilden Township, Berks County, Pennsylvania.
>
> 5. On the aforesaid date and time, Mr. Steigerwalt was operating a 2013 Harley Davidson motorcycle (hereinafter "the motorcycle") in a northbound lane of travel of Route 61 in the vicinity of I-78.
>
> 6. After passing the entrance to a ramp which would put vehicles onto I-78 going eastbound, Mrs. Pohl intentionally caused the minivan to turn left, cross over a raised concrete separator, and cross the northbound lanes

1

of travel of Route 61 in order to enter another ramp which would take vehicles onto I-78 going eastbound.

7. As a result of this aforementioned extremely reckless and dangerous maneuver by Mrs. Pohl, the motorcycle collided into the minivan (hereinafter "the collision").

8. Ms. Pohl was negligent, careless, reckless, and recklessly indifferent to the health and safety of other drivers in the following respects:

> a. For causing the collision;
> b. For making a left turn with her minivan in a location that obviously forbids the making of such a maneuver;
> c. For failing to take into consideration the dangerousness of the maneuver she was making; and
> d. For failing to properly and adequately look out for other vehicles before she made the turn.

9. At the time of the collision, Mrs. Steigerwalt was a passenger on the motorcycle.

[ECF 1, ¶¶ 6-9.]

Defendant asks the Court to strike all allegations of recklessness included in plaintiff's Complaint. In doing so, defendant seeks to prevent plaintiff from pursuing punitive damages. In support of this argument, defendant argues that the plaintiff does not set forth sufficient facts to support any claim for reckless conduct which could form the basis for punitive damages.

Pennsylvania recognizes the principles set forth in § 908(2) of the Restatement (Second) of Torts. This section provides that:

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing

**2**

> punitive damages, the trier of fact can properly consider the
> character of the defendant's act, the nature and extent of the
> harm to the plaintiff that the defendant caused or intended to
> cause and the wealth of the defendant.

Restatement (Second) of Torts § 908 (2).

Pennsylvania courts have adopted a strict interpretation of recklessness and have held that a jury may award punitive damages only where the evidence shows the defendant knows, or has reason to know of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act in conscious disregard of, or indifference to, that risk. *Martin v. Johns-Manville Corp.*, 508 Pa.154, 494 A.2d 1088, 1097 (Pa. 1985). A finding of reckless indifference can be made where there is "some evidence that the person actually realized the risk and acted in conscious disregard or indifference to it" exists. *Burke v. Maassen*, 904 F.2d 178, 182 (3d Cir. 1990). In determining whether punitive damages are available, "the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant." *Martin*, 494 A.2d at 1096.

Here, accepting plaintiff's allegations as true, as we must, it would certainly appear that the allegations satisfy the standard in Pennsylvania for setting forth a claim for recklessness and punitive damages. At the very least, the Court cannot say at this stage of the proceedings that the allegations made in plaintiff's Complaint do not establish recklessness on the part of defendant. Defendant , as the moving party, bears the burden to show that plaintiff has failed to state a claim for punitive damages. See *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). While, defendant

has properly stated the law in Pennsylvania as it relates to recklessness, she has not satisfied her burden in establishing that the Court should grant its motion to strike all allegations of recklessness. This determination is one that is appropriate on a motion for summary judgment where both parties have had the benefit of discovery, as discovery is necessary to determine whether defendant's conduct was so reckless that they warrant awarding punitive damages. *See, e.g. Lindsay v. Kvortek*, 865 F. Supp. 264, 269 (W.D. Pa. 1994) (noting "[a]t this early stage of the case, the Court cannot assume that plaintiffs will be unable to present any evidence to support a claim of punitive damages."). *Id*. Having determined that discovery is required to determine the validity of plaintiffs' allegations of recklessness, the Court will deny defendant's motion to strike all allegations of recklessness and punitive damages.